## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WALTER LEE WRIGHT, #155663 | : |
| Petitioner | : |
| v. | : Civil Action No. AW-05-2371 |
| RODERICK R. SOWERS, WARDEN and J. JOSEPH CURRAN, JR., THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : : |
| Respondents | : |

. . . . . . . . .o0o. . . . . . . . .

### MEMORANDUM

On August 30, 2005, Petitioner Walter Lee Wright, presently incarcerated at the Roxbury Correctional Institution in Hagerstown, filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

As noted in this Court's Memorandum of November 15, 2005, Petitioner, a repeat criminal offender, does not contest that he lost 552 days credit against service of his sentences while on escape from the Department of Correction (DOC),[1] and does not contest Respondents' calculation that the maximum expiration date for his term of confinement within the DOC is September 26, 2016. He also does not take issue with the DOC's initial determination that he would start his term with 3,850 diminution credits, including 2,081 "good conduct credits" ("GCC") from the DOC and 41 GCC credited for good behavior while at county institutions.[2]

---

[1] Petitioner escaped custody on November 29, 1985, and remained at liberty pending arrest on September 26, 1986, by Montgomery County police. He subsequently was charged and convicted of two additional offenses which occurred during his period of escape.

[2] An additional 879 "special project credits" ("SPC") and 890 "industrial credits" ("IC") awarded to Petitioner by the DOC (*see* Paper No. 8 at 5) also are not at issue in this litigation.

Indeed, Petitioner does not contend that the DOC's later revocation of all 2,081 GCC is impermissible. His disagreement does not lie with whether the credits were rescinded, but rather with the DOC's policy change that eliminated his ability to "earn back" the credits lost.[3] In essence, Petitioner seeks to mount an *ex post facto* challenge the reformulated Division of Correction Directive ("DCD"). He also has raised an eleventh-hour claim that DCD 100-116 may be invalid because it was not promulgated in conformance with the State Administrative Procedure Act ("APA").

To the extent that Petitioner can assert a violation of applicable Maryland law with regard to the formulation of DCD 100-116 under the State's APA and/or assert that changes in the DCD constitute an *ex post facto* violation, he must first present the claims in state court.[4]

Accordingly, based upon the foregoing reasons, the Petition shall be denied without prejudice and the case dismissed by separate order.

February 24, 2006                    _____/s/_____
Date                                 Alexander Williams, Jr.
                                     United States District Judge

---

[3] Under Division of Correction Directive ("DCD") 100-116, prisoners are able to have some or all of their revoked diminution of confinement credits restored. On July 30, 2004, the DCD was modified, so that a prisoner found to have escaped from custody would be ineligible for the restoration of diminution of confinement credits. Paper No. 7, Exhibit 3. Petitioner additionally attempts to argue that his sentences were illegal and that certain disciplinary proceedings were unfair. *See* Paper No. 17. These claims are not at issue here, and will not be addressed in this proceedings.

[4] Petitioner's earlier habeas corpus petition, presented in the Circuit Court for Montgomery County, Maryland, seems to be based solely on the proper calculation of his various sentences subsequent to his escape, and does not specifically address an *ex post facto* violation caused by revision to DCD 100-116 or the DCD's nullity based on its adoption in contravention to requirements under the State APA.